UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 1:17-CV-00003-HBB

NATHANIEL WAYNE BURDEN                                                    PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                           DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Nathaniel Burden seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 20) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 15). By Order entered April 6, 2016 (DN 16), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income benefits on February 18, 2014 (Tr. 183). Plaintiff alleged that he became disabled on December 26, 2012, as a result of a shattered right hip, drop foot, and nerve damage (Tr. 183, 212). Administrative Law Judge

Amber Downs conducted a video hearing on August 17, 2015 from Tampa, Florida. Plaintiff was present in Owensboro, Kentucky and represented by Sarah Martin. Also present and testifying was impartial vocational expert Stephanie Barnes.

In a decision dated December 2, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 14-33). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 26, 2012, the alleged onset date (Tr. 19). At the second step, the ALJ determined that Plaintiff's status post right acetabular fracture with right sciatic neuropathy, right foot drop, and obesity are "severe" impairments within the meaning of the regulations (Tr. 19). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19-20).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a limited range of light work (Tr. 20). More specifically, the ALJ found as follows:

> He can occasionally push/pull with the right foot, such as for foot controls/pedals. He can frequently climb ramps. He can occasionally climb stairs. He can never climb ladders, ropes, or scaffolds. He can frequently stoop. He can occasionally kneel, crouch, or crawl. He can tolerate occasional exposure to humidity and wetness, vibration, and extreme cold. He requires a sit/stand alternative meaning he needs the ability to alternate positions between sitting and standing every 30 minutes.

(Tr. 20). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work as a production worker, a salesperson, a store laborer, a farm laborer, and a mail sorter (Tr. 26).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational

expert (Tr. 27). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 27-28). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act from February 7, 2014 through the date of the decision (Tr. 28).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 12-13). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the

> duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons set forth below, the ALJ's decision is supported with substantial evidence, and Plaintiff's claim is denied.

## ARGUMENTS OF THE PARTIES

First, Plaintiff argues the ALJ committed reversible error where she did not give "controlling and/or majority weight" to treating sources, Drs. Briones and Brooks (DN 17-1 at PageID # 997-98). Specifically, Plaintiff appears to argue that Dr. Brooks, a chiropractor, should have been given controlling weight, and at the very least, the case should be remanded so that the ALJ can give more weight to Dr. Brooks (Id. at PageID # 998-99). Defendant responds that a chiropractor is not an acceptable medical source, is not entitled to the weight due to acceptable sources, and cannot be given controlling weight (DN 20 at PageID # 1012).

Next, Plaintiff claims Dr. Briones, an examining specialist, was entitled to controlling weight as well (DN 17-1 at PageID # 1000-01). Alternatively, Plaintiff argues remand is appropriate for the ALJ to provide a thorough assessment of what weight she gave Dr. Briones' opinion (Id.). In response, Defendant argues the ALJ properly took issue with Dr. Briones' claim that he was Plaintiff's treating pain specialist because there were records of only two visits, casting doubt on how many methods of pain control Dr. Briones could have actually tried in

Plaintiff's case. Moreover, Defendant argues, Dr. Briones' opinion is contradicted by Plaintiff's treating physicians (DN 20 at PageID # 1016-17).

Plaintiff next argues the ALJ failed to consider all of Plaintiff's impairments in making her residual functional capacity finding (DN 17 at PageID # 1002). Plaintiff notes that the ALJ found Plaintiff to have severe impairments but did not find those impairments, separately or in combination, to render Plaintiff disabled (Id. at PageID # 1002-03). Plaintiff also hints at an argument that the ALJ failed to consider the entire record and played doctor by failing to adopt restrictions from a single medical source (Id.). Defendant responds that the ALJ supported her residual functional capacity with medical evidence of record and did not draw any improper medical conclusions. Rather, the Defendant argues, it is the duty of the ALJ to resolve conflicts and form a residual functional capacity, which is what she did in this instance.

Finally, Plaintiff challenges the weight the ALJ afforded to the Plaintiff's subjective allegations of pain and limitations (DN 17 at PageID 1004-05). Defendant responds it is not this Court's purview to question a credibility determination of the ALJ, and the ALJ is uniquely situated to interact with the Plaintiff and reach a determination of his credibility (DN 20 at PageID # 1020-21). Additionally, the Defendant notes the ALJ supported her credibility finding with references to the objective record as well as Plaintiff's daily activities, both of which were inconsistent with the alleged limitations (Id. at PageID # 1019-20).

## DISCUSSION

The undersigned will first address Plaintiff's argument that Dr. Brooks should be given controlling weight. The regulations are very clear, only "***acceptable medical sources***" are qualified to ***"provide evidence to establish an impairment"*** and render "***medical opinions***" about the nature and severity of a claimant's impairment, including limitations or restrictions imposed

6

by the impairment. 20 C.F.R. §§ 404.1513(a) and (b)(6) (emphasis added), 404.1527(a)(2), 416.913(a) and (b)(6) (emphasis added), 416.927(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis, and prognosis, what you can still do despite impairments(s), and your physical or mental restrictions.").

The Sixth Circuit has a published opinion directly addressing this issue. Chiropractors are, by the plain language of the regulations, not acceptable medical sources and are not entitled to the deference of the treating physician rule. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530 (6th Cir. 1997). As the law of the Circuit, Walters begins and ends any discussion of whether Dr. Brooks' opinion is entitled to controlling weight. It is not. This claim is therefore denied.

Nor did the ALJ commit reversible error for finding that Dr. Briones is not entitled to controlling weight. Treatment records indicate that Dr. Briones conducted testing on Plaintiff on May 1, 2013 and January 28, 2014 (DN 294-95, 300). While Dr. Briones introduced himself in a letter as Plaintiff's treating pain specialist (Tr. 875), the ALJ took issue with this designation, noting that the record only indicates the two visits cited above (Tr. 25). The undersigned agrees with the ALJ's conclusion that two visits provides good cause for questioning whether Dr. Briones actually meets the requirements of a treating source. The length and frequency of the treating relationship is one factor that the ALJ should consider when assessing whether a source constitutes a treating physician. 20 C.F.R. § 416.902. Here, this factor weighs heavily against the Plaintiff. *See* Kornecky v. Comm'r of Soc. Sec., 166 F. App'x 496, 506-07 (6th Cir. 2006) (

7

noting that often times two or three visits may not be sufficient to establish a treating relationship). Thus, the ALJ supported her decision with substantial evidence, and this claim is denied.

The next issue is whether the ALJ improperly determined Plaintiff's residual functional capacity. An ALJ may not substitute her own judgment for that of an uncontradicted medical source. Simpson v. Comm'r of Soc. Sec., 244 F. App'x 181, 194 (6th Cir. 2009). However, while opinions from treating and examining sources are considered on the issue of residual functional capacity, the ALJ is responsible for making that determination. 20 C.F.R. § 416.927(e); Social Security Ruling 96-5p, 1996 WL 374183, at *4-5. Here, the record contains conflicting opinions from various sources regarding Plaintiff's limitations. For instance, as the ALJ noted, Dr. Brooks and Dr. Briones opined that Plaintiff has significant limitations, but Plaintiff's treating orthopedic specialists opined he was able to return to work without limitation (Tr. 25). On the other hand, the ALJ noted that she gave only some weight to the opinion of state agency medical consultant Dr. Jack Reed who found Plaintiff was capable of a range of medium work (Tr. 26). The ALJ found that subsequent evidence convinced her that the Plaintiff was more limited than Dr. Reed stated (Id.).

There is no evidence that the ALJ cherry-picked the record to implement a more restrictive residual functional capacity. Rather, the ALJ thoroughly discussed the conflicting opinions then resolved them and formed Plaintiff's residual functional capacity. Her decision is supported by substantial evidence, and this claim is therefore denied.

The final question concerns the ALJ's findings related to Plaintiff's subjective allegations of pain. The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain to the extent he testified. In the absence of detailed corroborating evidence of these

subjective complaints, it becomes the duty of the ALJ to resolve the issue of credibility. Since tolerance of pain or other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law, including the regulations for evaluating consultative and treating physician's opinions and pain. See 20 C.F.R. §§ 416.919a-p, 416.927, 416.929.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**. **IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:   Counsel